IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRENDA FELTY,** | : No. |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| **THE PENNSYLVANIA STATE UNIVERSITY,** | : |
| | : |
| Defendant. | : **JURY TRIAL DEMANDED** |

## COMPLAINT

AND NOW, comes Plaintiff, Brenda Felty, by and through the undersigned counsel, and complains against the Defendant, the Pennsylvania State University, and in support thereof states as follows:

<u>The Parties</u>

1. Plaintiff, Brenda Felty ("Ms. Felty"), is an adult individual residing at 22 Avenue A, Schuylkill Haven, Pennsylvania 17972.

2. Defendant, the Pennsylvania State University ("PSU"), is a Pennsylvania state-related institution of higher education with a business address of 201 Old Main, University Park, Pennsylvania, 16802.

3. In addition to the campus at University Park, PSU operates nineteen (19) "satellite" or "Commonwealth" campuses throughout the Commonwealth.

4. One of the satellite campuses is known as "Penn State Schuylkill," and is located at 200 University Drive, Schuylkill Haven, Pennsylvania 17972. This campus will hereinafter be referred to as "PSU Schuylkill."

Jurisdiction and Venue

5. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343 in that the instant matter involves violations of Ms. Felty's federal civil rights, in particular Title VII of the Civil Rights Act of 1964.

6. This Honorable Court has jurisdiction over Plaintiff's pendant state claim pursuant to 28 U.S.C. § 1367 in that it is inextricably related to Plaintiff's federal cause of action.

7. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(1) and (2).

The Facts

8. At all relevant times, Ms. Felty was employed by PSU and PSU Schuylkill at PSU Schuylkill as a cashier in the cafeteria.

9. On or about February 15, 2013, Ms. Felty reported to Johnathan Kukta, one of her supervisors, that she was being sexually harassed and that there was a sexually hostile work environment at PSU Schuylkill.

10. Specifically, Ms. Felty reported that her immediate supervisor, Penny Shade, would constantly make comments about Ms. Felty getting "sexed up" for her husband and about wanting to help Ms. Felty prepare for the same.

11. Ms. Felty also reported that Ms. Shade and other co-workers would sing a sexually charged song while at work. Specifically, they would sing "If you like penis in your anus clap your hands" (sung to the tune of "If you're happy and you know it clap your hands").

12. Ms. Felty also told Mr. Kukta that co-workers would constantly make derogatory remarks about him being a homosexual or "acting" like a homosexual. Ms. Felty is unaware of Mr. Kukta's sexual orientation, but she believes that the comments represented the perception of some of her co-workers.

13. Ms. Felty also reported that co-workers were screaming vulgarities during their shift and that, in her opinion, such conduct was unprofessional.

14. On or about February 20, 2013, Ms. Felty met with Mr. Kukta and John Walker, another supervisor.

15. Messrs. Kukta and Walker stated that they had talked to Ms. Shade and other co-workers about the allegations and that Ms. Felty made and that such allegations could not be corroborated.

16. Subsequent to Ms. Felty's discussions with Mr. Kukta, she was denied the opportunity to "overtime"–or extra time—hours, which had been readily available and given to her prior to her good faith report of sexual harassment.

17. The individual responsible for scheduling this "overtime"—or extra time— was Mr. Kukta, who consulted with Ms. Shade prior to distributing overtime.

18. Ms. Felty was a "seasonal" employee and only worked when school was in session. As such, she was not scheduled to work during the months of May, June, or July 2013.

19. On or about July 23, 2013, Ms. Felty was terminated from her employment with PSU and PSU Schuylkill. She was not given a reason for the termination. She was only told that PSU and PSU Schuylkill were "going in a different direction."

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

20. Paragraphs 1 through 19, above, are fully incorporated by reference.

21. At all relevant times, Ms. Felty was subjected to sexual harassment in the workplace, as described above. The sexual harassment made Ms. Felty uncomfortable, self-conscious, and embarrassed, and it made the performance of Ms. Felty's job duties very difficult.

22. At all relevant times, Ms. Felty was forced to work in a sexually hostile work environment, as described above. The sexually hostile work environment made

Ms. Felty uncomfortable, self-conscious, and embarrassed, and it made the performance of Ms. Felty's job duties very difficult.

23. At all relevant times, Ms. Felty engaged in a protected activity, *i.e.*, reporting and opposing sexual harassment and in the workplace, and a sexually hostile work environment, as described

24. After Ms. Felty's opposition to the sexual harassment, she experienced the following adverse employment actions: (i) she was denied routine overtime—or extra—time that was previously available; and (ii) she was terminated from her employment.

25. There was no legitimate reason for the adverse employment actions recounted above.

26. It is believed, and therefore averred, that the adverse employment actions recounted above were taken against Ms. Felty because she opposed the sexual harassment and sexually hostile work environment referenced above.

27. Ms. Felty has exhausted all administrative remedies and prerequisites to filing this lawsuit. The right to sue letter from the EEOC is attached hereto as **Exhibit A.**

WHEREFORE, the Plaintiff, Brenda Felty, respectfully requests judgment in his favor and against the Defendant, the Pennsylvania State University, together with

compensatory damages, pain and suffering, punitive damages, reasonable attorney fees and costs, and all other relief to which she is entitled under law.

## COUNT II
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

28. Paragraphs 1 through 27, above, are fully incorporated by reference.

29. At all relevant times, Ms. Felty was subjected to sexual harassment in the workplace, as described above. The sexual harassment made Ms. Felty uncomfortable, self-conscious, and embarrassed, and it made the performance of Ms. Felty's job duties very difficult.

30. At all relevant times, Ms. Felty was forced to work in a sexually hostile work environment, as described above. The sexually hostile work environment made Ms. Felty uncomfortable, self-conscious, and embarrassed, and it made the performance of Ms. Felty's job duties very difficult.

31. At all relevant times, Ms. Felty engaged in a protected activity, *i.e.*, reporting and opposing sexual harassment and in the workplace, and a sexually hostile work environment.

32. After Ms. Felty's opposition to the sexual harassment, she experienced the following adverse employment actions: (i) she was denied routine overtime—or extra—time that was previously available; and (ii) she was terminated from her employment.

33. There was no legitimate reason for the adverse employment actions recounted above.

34. It is believed, and therefore averred, that the adverse employment actions recounted above were taken against Ms. Felty because she opposed the sexual harassment and sexually hostile work environment described above.

35. Ms. Felty has exhausted all administrative remedies and prerequisites to filing this lawsuit. The right to sue letter from the PHRC is attached hereto as **Exhibit B.**

WHEREFORE, the Plaintiff, Brenda Felty, respectfully requests judgment in his favor and against the Defendant, the Pennsylvania State University, together with compensatory damages, punitive damages, pain and suffering, reasonable attorney fees and costs, and all other relief to which she is entitled by law.

RESPECTFULLY SUBMITTED,

FANELLI, EVANS & PATEL, P.C.

By: /s/ ERIC M. PROCK
Eric M. Prock, Esq.
Attorney I.D. No. 208315
The Necho Allen
1 Mahantongo Street
Pottsville, PA 17901
(P) 570-622-2455
(F) 570-622-5336
eprock@feplawyers.com
*Counsel for Plaintiff*